UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **WILBERT J. DOUCET** | : | **DOCKET NO. 06-2002** |
| **VS.** | : | **JUDGE MINALDI** |
| **MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY** | : | **MAGISTRATE JUDGE WILSON** |

**REPORT AND RECOMMENDATION**

Presently before the court are Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") [doc. # 16], and Motion for Approval of Attorney Fee under 42 U.S.C. § 406(b) [doc. # 18]. These matters have been referred to the undersigned magistrate judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

Successful Social Security Disability and Supplemental Security Insurance claimants' attorneys may apply for fees pursuant to both the Equal Access to Justice Act ("EAJA") and 42 U.S.C. § 406(b). Under EAJA, a party prevailing against the United States in court may be awarded fees if the Government's position in the litigation was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by the time expended multiplied by the attorney's hourly rate capped $ 125 per hour. 28 U.S.C. § 2412(d)(2)(A). *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

For representation of a benefits claimant at the administrative level, an attorney may file a fee petition or a fee agreement. 42 U.S.C. § 406(a). The agency may allow fees for services

performed in connection with any claim before it, either calculated as a reasonable fee for an attorney's services [20 C.F.R. § 404.1725], or based on a contingent fee agreement filed with the agency in advance of a ruling on the claim for benefits. Fees may not exceed the lesser of 25% percent of past-due benefits or $ 5,300. 42 U.S.C. § 406(a)(2)(A)(ii), (iii).

"Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must 'refund to the claimant the amount of the smaller fee.' Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186. " *Gisbrecht*, 535 U.S. at 797.

For the following reasons, it is recommended that the EAJA fees application be granted, and that the application for 406(b) fees be denied at this time as premature.

<u>EAJA Fees</u>

By judgment dated August 23, 2007, this matter was reversed and remanded pursuant to the fourth sentence of 42 U.S.C. § 405(g). [doc. # 15]. Thus, the Plaintiff qualifies as a prevailing party. The Plaintiff's attorney seeks fees of $ 3,175 (25.4 hours at $125/hour) pursuant to 28 U.S.C. §§ 2412. The government has indicated that it has no objection to the fees and expenses requested in the Plaintiff's motion. Telephone conference with Kim Bray, Legal Assistant to Assistant United States Attorney John Broadwell (September 25, 2007).

Considering the government's agreement as to the amount of the fees, and after review of the record, the undersigned concludes that the number of hours claimed is reasonable.

<u>Fees Pursuant to 42 U.S.C. § 406(b)</u>

The Plaintiff seeks a declaration from this court awarding attorney's fees of 25% of any

past due benefits he will receive from the SSA, in advance of a determination that such benefits are due. The Plaintiff has submitted a signed contingency fee agreement showing that 1) if the SSA issues a favorable decision at the administrative level, he will pay his attorney the lesser of 25% of all past due benefits, or $5300 or the applicable maximum amount set by the Commissioner pursuant to 42 U.S.C. § 406(a); or 2) if the SSA issues a favorable decision at a higher level of appeal, he will pay his attorney 25% of all past due benefits. Packard Packard & LaPray Standard Fee Agreement Social Security Disability / S.S.I. [doc. # 18-2]. The pleadings indicate that if both EAJA fees and § 406(b) fees are awarded, the attorney will refund the lesser fee to the Plaintiff. At this stage in the proceedings, past due benefits have neither been awarded nor calculated, and the Plaintiff so acknowledges.

The Supreme Court in *Gisbrecht v. Barnhart* held that there must be a court review of the attorney's fees sought by successful Social Security benefits claimants to determine whether such fees are reasonable. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Such an assessment cannot be made until there is an award of past benefits and the amount of such benefits is known. Since the Plaintiff has not yet been awarded back benefits, and, in fact, may not be awarded any such funds, whether there will be an award on which to base attorney's fees, and/or the total on which a contingency fee may be assessed has not been determined. It is therefore premature to review the Plaintiff's request for reasonableness as required.

Accordingly, it is RECOMMENDED that Plaintiff's application for attorney's fees under EAJA be GRANTED and that attorney's fees be fixed at $ 3,175 (25.4 hours at $125/hour).

Furthermore, it is RECOMMMENDED that the motion for attorney's fees under 42 U.S.C. § 406(b) be DENIED WITHOUT PREJUDICE at this time, and that the Plaintiff be

allowed to re-urge the Motion at the appropriate time, after an award of back benefits has been made, and when it will be possible to quantify the contingency fee and review the reasonableness of the amount to be paid over in attorney's fees.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, on October 17, 2007.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE